**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| ANTHONY BURBANKS,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF OHIO,<br><br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:26-cv-890<br><br>District Judge Matthew R. Byrne<br><br>Magistrate Judge Peter B. Silvain, Jr. |

---

**ORDER GRANTING IN FORMA PAUPERIS AND THIRD DEFICIENCY ORDER REGARDING PETITION**

---

Petitioner, a pretrial detainee at the Hamilton County Justice Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Amended General Order 22-05. On September 8, 2026, the Court ordered Petitioner to cure the following deficiencies: (1) pay the $5 filing fee *or* submit a completed motion to proceed *in forma pauperis*; (2) submit a civil cover sheet; **and** (3) submit a habeas corpus petition specifying the grounds upon which he believes he is entitled to relief. (Doc. #3). On September 14, 2026, Petitioner filed a civil cover sheet. (Doc. #4). On September 21, 2026, Petitioner filed a Motion for Leave to Proceed in forma pauperis (IFP) and a second habeas corpus petition. (Doc. #5).

On September 22, 2026, after Petitioner had partially complied with the Court's Order by filing a civil cover sheet, an IFP Motion, and amended petition, the Court entered a second Deficiency Order. (Doc. #6). There, the Court identified that two deficiencies persisted in

Petitioner's filings. *Id*. at *PageID* #s 28-29. First, Petitioner's handwritten IFP Motion was deficient, as it lacked sufficient detail for the Court to assess. *Id*. Second, Petitioner's amended petition failed to state any grounds for relief, essentially rewriting his first habeas petition. *Id*. at 29. The Court granted Petitioner an additional 30 days to (1) pay the $5 filing fee or submit a completed IFP Motion; and (2) submit a habeas corpus petition specifying the grounds upon which he believes he is entitled to relief. *Id*. at 30. Petitioner was warned that "failure to submit a habeas corpus petition specifying the grounds upon which he believes he is entitled to relief will result in a Report and Recommendation to dismiss his case." *Id*. On October 6, 2026, Petitioner responded to the Court's Second Deficiency Order by restating the same broad claims that the Court found insufficient to satisfy the pleading requirement of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts in both of its Deficiency Orders. (*See generally*, Doc. #8; *See* Docs. #4, 6). On October 13, 2026, Petitioner filed a Second IFP Motion (Doc. 9) and a Motion for Extension of Time (Doc. 10).

From his Second IFP Motion, it appears that Petitioner is unable to pay the costs herein or to give security for such costs. Accordingly, Petitioner's Second IFP Motion (Doc. 9) is **GRANTED**, his First IFP Motion (Doc. 5) is **DENIED as moot**, and the Court hereby authorizes the commencement of this action without prepayment of such costs and fees. 28 U.S.C. § 1915.

Upon review of Petitioner's filing "Entitled to Relief," Petitioner attempts to comply with this Court's Second Deficiency Order instructing him to submit a habeas petition that complies with Rule 2(c) by submitting a petition that specifies the grounds upon which he believes he is entitled to relief. (*See generally*, Doc. #8). However, once again, Petitioner has failed to state any grounds for relief in his third habeas corpus petition, essentially rewriting his first and second

habeas petition. (Doc. #8, *PageID* #s 39-42). Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2, 28 U.S.C. foll. § 2254. *See also Flood v. Phillips*, 90 F. App'x 108, 113 (6th Cir. 2004). This Rule 2(c) pleading standard "is more demanding" than that under Rule 8 of the Federal Rules of Civil Procedure that governs the pleading standard in civil proceedings other than those involving habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Ordinarily, dismissal is appropriate where "it is impossible to determine from the Petitioner's pleadings the exact errors of fact or law raised for adjudication." *Reynolds v. Warden, Lebanon Corr. Inst.*, No. 2:19-cv-3495, 2019 WL 4862060, at *2 (S.D. Ohio Sept. 9, 2019) (citations omitted), *report and recommendation adopted*, No. 2:19-cv-3495, 2019 WL 4861377 (S.D. Ohio Oct. 2, 2019). Here, given Petitioner's *pro se* status and his compliance with the Court's Second Deficiency Order in submitting his Second IFP Motion, the Court will allow Petitioner ***a final*** opportunity to submit a petition that complies with Rule 2(c). To the extent Petitioner attempts to file a motion with the Court in his "Entitled to Relief" filing (Doc. #8), the Court **DENIES** his motion. To the extent Petitioner seeks an extension of time to submit a petition that complies with Rule 2(c), the Court **GRANTS** Petitioner's Motion for Extension of Time (Doc. #10).

Therefore, Petitioner is **ORDERED** to submit a habeas corpus petition specifying the grounds upon which he believes he is entitled to relief **within thirty (30) days** of this Order. Petitioner is **CAUTIONED** that failure to submit a habeas corpus petition ***specifying the grounds upon which he believes he is entitled to relief*** will result in a Report and Recommendation to dismiss his case.

The Clerk is **DIRECTED** to provide Petitioner with a habeas corpus packet.

Petitioner is **ORDERED** to use the Court-provided habeas corpus packet sent by the Clerk to aid him in submitting a habeas petition specifying the grounds upon which he believes he is entitled to relief and complying with the Court's Order. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (petition "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule").

Petitioner is **WARNED** that failure to respond to this Order within the requisite 30-day period will result in the case being dismissed for want of prosecution.

**IT IS SO ORDERED.**

November 19, 2026

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge